

101 Park Avenue, 17th Floor
New York, NY  10178
Tel 212.878.7900  Fax 212.692.0940
www.foxrothschild.com

MICHAEL R. LIEBERMAN
Direct No: 646.601.7640
Email: MLieberman@FoxRothschild.com

August 7, 2023

**MEMO ENDORSED**

**VIA ECF**

Honorable Kenneth M. Karas
United States District Judge
United States District Court
Southern District of New York
300 Quarropas Street, Chambers 533
White Plains, New York 10601

Re:  *Schlachter v. Microsoft Corporation*, Case No. 23-cv-05331-KMK

Dear Judge Karas:

We represent Defendant Microsoft in this case. In accordance with the Court's Memo Endorsement entered on August 3, 2023 (Dkt No. 11), we write in response to the letter filed by Plaintiffs David M. Schlachter and Law Offices of David M. Schlachter, LLC on August 2, 2023 (Dkt No. 10).

Plaintiffs' counsel makes a number of inaccurate statements in his letter.

First, Mr. Schlachter alleges that he "did not receive any notices via ECF." He adds that he "did not know if their letter was filed or it was a pre-motion letter to be filed."

On July 24, 2023, immediately after Microsoft filed its pre-motion letter, Microsoft's counsel emailed Mr. Schlachter a copy of the *file stamped pre-motion letter* and the *ECF filing notification* and informed Mr. Schlachter that a hard copy of the letter had also been sent to him by U.S. Mail. Microsoft's counsel also told Mr. Schlachter: *"I am unable to serve you by ECF because you have not appeared."* A copy of the July 24, 2023 email with attachments is attached as **Exhibit A**.

Second, Mr. Schlachter contends that "since [Microsoft's letter] was filed July 24, 2023 and it is now only a week later, I am responding to it." Under Rule II.A of Your Honor's Individual Rules, the nonmovant's response to a pre-motion to dismiss letter must be filed within seven days. His response was due on July 31 but Mr. Schlachter did not file his letter until August 2. Accordingly, Mr. Schlachter's response is untimely.

A Pennsylvania Limited Liability Partnership

California   Colorado   Delaware   District of Columbia   Florida   Georgia   Illinois   Massachusetts   Minnesota   Missouri
Nevada   New Jersey   New York   North Carolina   Oklahoma   Pennsylvania   South Carolina   Texas   Washington

Honorable Kenneth M. Karas
August 7, 2023
Page 2

Third, Mr. Schlachter argues that Microsoft's "response is tardy" and that he "must have the right to request Default." However, there is no agreement between Plaintiffs and Microsoft regarding a July 31, 2023 response deadline, and Plaintiffs have no factual or legal basis to seek default.

Indeed, by stipulation so-ordered on June 28, 2023, Plaintiffs agreed that Microsoft's time to answer, move, or otherwise respond to the Complaint was extended to July 24, 2023 (Dkt Nos. 5 and 7). (Like with its pre-motion filing, Microsoft's counsel also sent copies of the as-filed stipulation and the Court's order to Mr. Schlachter because he was not registered for ECF service.) Microsoft filed its pre-motion letter on the July 24 deadline. Pursuant to Your Honor's Individual Rules, the filing of a pre-motion letter in anticipation of a motion to dismiss stays the time for the defendant to answer or move. Microsoft's pre-motion letter was timely filed, and it was Plaintiffs, not Microsoft, whose response was untimely.

Fourth, Mr. Schlachter ignores all of Microsoft's grounds for dismissal, and instead offers the unsupported assertion that Plaintiffs are not bound by the Microsoft Online Subscription Agreement (the "Agreement"), or at most, would be bound only by the terms as they existed in 2009. We note that Mr. Schlachter not only fails to cite any legal authority in support of his arguments, but also fails to offer proof of any contract terms different than those provided by Microsoft in its pre-motion letter.

Finally, Mr. Schlachter does not even attempt to address Microsoft's showing that Plaintiffs have failed to plead the essential elements of their contract claim or to rebut Microsoft's position that Plaintiffs' tort claim is barred by the economic loss rule. In its motion to dismiss, Microsoft will demonstrate that (i) the Agreement is binding and enforceable, (ii) the Agreement requires that this action be brought in Washington State, (iii) the Agreement's limitations of liability provisions are a complete bar to the consequential and punitive damages sought by Plaintiffs, and (iv) Plaintiffs fall far short of the pleading requirements for either of their claims.

We thank the Court for its consideration of Microsoft's pre-motion letter and this response and look forward to addressing any questions that the Court may have at the pre-motion conference.

Respectfully,

*Michael Lieberman*

Michael Lieberman

ML:mt
Attachment:   Exhibit A
cc:     David M. Schlachter, Law Offices of David M. Schlachter (via ECF)

> Defendant shall file its Motion To Dismiss by September 14, 2023.  Plaintiffs shall file their opposition by October 14, 2023.  Defendant shall file its reply by November 4, 2023.
>
> SO ORDERED.
>
> 8/9/2023